[Civ. No. 1496. Fourth Appellate District.—February 8, 1934.]

D. JERRY YOUNGS et al., Respondents, v. A. M. WRIGHT et al., Appellants.

O'Melveny, Tuller & Myers, J. W. Chance and L. M. Wright for Appellants.

Forgy, Reinhaus & Forgy for Respondents.

MARKS, J.—This action was brought to foreclose a mortgage given by appellants to secure the payment of a promissory note in the principal sum of $15,000, dated March 1, 1929, due five years after date, with interest at the rate of seven per cent per annum, payable semi-annually. Both the note and mortgage contained acceleration clauses operative upon default in the payment of any installment of interest. This appeal is taken from the decree of foreclosure.

The installment of interest due on March 1, 1932, was not paid. On that date Mr. Wright sent the following letter to Mr. Youngs: "I regret very much that I am unable to meet that interest payment due today. I have some three of four deals on hand that look pretty good and if any one goes through I will have the money to pay you. I made one cash sale in January and got enough money to pay the city taxes and the first instalment of county taxes. I got almost nothing out of last year's valencias and thirty cents per box for the navels this time. So if you can be patient with me I will do the best I can. If you are down in Orange County call around and hoping the next letter will be more substantial." On March 10th Mr. Youngs replied as follows: "We are glad you were able to pay the taxes and hope this spring will

be better for you and real estate generally. Money is short with us and you have always paid promptly so we counted on it this time too, but will get along and know you will feel badly until it is paid." On April 1st respondents called on appellants. They called again on the 5th of the same month. Their object was to obtain additional security for the unpaid installment of interest. They asked for an order on the packing-house for the money to become due for the sale of the orange crop. Appellants told respondents that an order had been given to a bank for one-half of the proceeds of the crop, and that out of the balance there were bills for irrigating water, fertilizer and labor and materials used in spraying the orange trees that would have to be paid. They offered to give an order for the money remaining after the payment of the first order and the bills above described. Respondents told them to have such an order prepared, send it to them, and they would take it under consideration. Such an order was sent on April 12, 1932. They retained it, but received no money on it. They came again to the home of appellants on April 17th and informed them that the "crop order that you have sent us is worthless; we can't accept it". A fourth conference was held on April 19th, and the action to foreclose the mortgage was instituted on April 20th.

The facts which we have outlined are gathered from the testimony of respondents which were contradicted in many particulars by evidence offered by appellants. This created a conflict which the trial court resolved in favor of respondents. The trial court is the judge of the weight and sufficiency of the evidence and the credibility of the witnesses. We cannot disturb the judgment because of a conflict in the evidence.

Appellants urge that by giving the crop order there was a novation and payment of the interest installment due March 1, 1932. They admit that the evidence is conflicting on this question, but urge that the evidence of respondents is not worthy of belief. We have studied the record carefully and have concluded that the findings are supported by ample, competent and material evidence. If the trial court had resolved this question in favor of appellants there would be serious doubt of such a finding having sufficient evidentiary support.

■ Appellants next urge that there was a waiver by respondents of the payment of interest due on March 1, 1932. Respondents reply that waiver is an affirmative defense that must be plead (*Wienke* v. *Smith*, 179 Cal. 220 [176 Pac. 42]), and that the evidence supports the finding that no such waiver occurred.

The allegations of the amended answer upon which the defense of waiver must be predicated are as follows: ''That the plaintiffs, by a memorandum in writing, and for a valuable consideration, agreed to extend the time for the payment of the instalment of interest due March 1, 1932, under the terms of said promissory note until such time as the 1932 crops on the mortgaged premises are harvested and marketed. As a part of said transaction and agreement, and pursuant to the terms thereof, the defendants, on or about April 12, 1932, did execute and deliver unto said plaintiffs a crop order whereby Anaheim Citrus Fruit Growers' Association was and is directed to pay over unto said plaintiffs one-half of the proceeds derived from the sale of all of the 1932 crops of citrus fruits grown on or produced from the orange grove covered by the mortgage described and alleged in Paragraph III of the complaint.'' This attempts to plead an express written contract executed for a valuable consideration to extend the interest payment for a defined period. No such contract or consideration for one was proved.

Respondents admit writing the letter of March 10, 1932, which we have quoted. It is a fair and reasonable inference from their testimony that on April 1, 1932, they decided to obtain security for the interest overdue if a further extension of time for its payment was given; that this was communicated to appellants on April 1st and again on April 5th; that appellants offered the crop order as security for the payment; that respondents agreed to consider this offer; that they concluded that after paying the earlier crop order and the bills mentioned, the money to be received for the crop would be exhausted, leaving nothing to be applied on the interest; that this was communicated to appellants on April 17, 1932, and their offer rejected; that appellants made no other effort to provide security and did not pay the interest; that the foreclosure action was instituted on April 20, 1932. From these facts the trial court was justi-

fied in finding that respondents had neither agreed in writing for a valuable consideration to extend the time for interest payment nor waived their right to foreclose the mortgage. From the conversations had on April 1st and again on April 5th, appellants should have realized that unless they furnished satisfactory security for the payment of the interest due, respondents would not long delay foreclosure proceedings.

The other grounds presented by appellants relate to rulings of the trial court on objections made to the admissibility of evidence. They need not be considered in detail as there is no reversible error in them.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 9, 1934.